Dear Ms. Hackwood:
This is in reply to your predecessor's request for an official opinion of this office, which request reads as follows:
 May the Board of Trustees of the Missouri State Employees' Retirement System authorize investments in common stocks which have good earnings growth but which elect to not pay a cash dividend, and/or in common stocks of foreign companies.
We understand the term "foreign companies" as used in your request to mean corporations other than corporations organized under the laws of the United States, any states, territory or possession of the United States, or the District of Columbia.
Sections 104.310 through 104.620, RSMo, are the statutes that pertain to the Missouri State Employees' Retirement System. Section 104.440.3, RSMo Supp. 1981, provides:
 So far as practicable, the funds and property of the system shall be kept safely invested so as to earn a reasonable return. The board may invest the funds of the system as permitted by laws of Missouri relating to the investment of the capital, reserve, and surplus funds of life insurance companies or casualty insurance companies organized under the laws of Missouri.
This statute authorizes the board of trustees to invest the funds of the retirement system in the same manner as life insurance companies or casualty insurance companies may invest their capital, reserve and surplus funds. The plain meaning of the statute is that investments meeting the requirements contained in the statutes relating to investments by either life insurance companies or casualty insurance companies are permissible investments for the funds of the state retirement system.
Section 376.305, RSMo 1978, applicable to life insurance companies, provides:
 1. In addition to the investments permitted by section 376.300, the capital, reserve and surplus of all life insurance companies of whatever kind and character organized or doing business under sections 376.010 to 376.670, may be invested in the common stock of any solvent corporation, organized under the laws of the United States, any state, territory or possession of the United States, or the District of Columbia, or of the Dominion of Canada, or any province of the Dominion of Canada, provided the corporation's net worth as shown on its balance sheet at the end of the last fiscal year preceding purchase shall have been at least ten million dollars and cash dividends shall have been earned and paid on its common stock in each of the three fiscal years preceding such acquisition; provided further that all prior obligations or preference stocks of such corporation, if any, are eligible for investment under any of the provisions of section 376.300, and that such common stocks are registered on a national securities exchange or quoted in established over-the-counter markets, or provided that such corporation is registered and operated as an open-end regulated investment company in accordance with the Investment Company Act of 1940, as amended. Common stocks meeting the preceding qualifications shall be eligible for deposit, as provided under section 376.170.
 2. No such life insurance company shall invest in excess of ten percent of its admitted assets or an amount in excess of its combined capital and surplus, whichever is the lesser, as shown by its last annual statement preceding the date of acquisition, as filed with the director of the insurance division of the state of Missouri, in the total amount of such common stocks, nor shall such life insurance company own securities described in subdivision (7) of subsection 1 of section 376.300, and subsection 1 of this section, which, in the aggregate, represent more than five percent of the total of all outstanding shares of stock of the issuing corporation, nor shall any such life insurance company own common stock described in subsection 1 issued by any one corporation which represents more than two percent of the admitted assets of such life insurance company.
This statute authorizes life insurance companies to invest in the common stock of any solvent corporation organized under the laws of the United States or any state, territory or possession of the United States, or the District of Columbia, or of Canada or any Canadian province, subject to certain other specified requirements. One of the requirements is that cash dividends shall have been earned and paid on the common stock in each of the three fiscal years preceding the acquisition of the stock.
Section 379.080.1, RSMo Supp. 1981, applicable to casualty insurance companies, provides, in pertinent part:
 The remainder of the capital of these companies and their other assets may be invested . . . in stocks . . . issued by corporations organized under the laws of this state, or of the United States, or of any other state. . . . No insurance company subject to this subsection may buy stock in any company to an amount which will give the company so buying the virtual control of any other corporation, but any corporation organized under or for the purpose of doing any of the kinds of business mentioned in any one of the subdivisions of subsection 1 of section 379.010 may buy and hold any amount of stock in other corporations organized under or for the purpose of doing any of the kinds of business mentioned in any one of the subdivisions of subsection 1 of said section 379.010, but . . . no such company shall invest more than thirty-five percent of the surplus to policyholders of such acquiring company, or fifty percent of its surplus over and above its liabilities and capital, whichever is greater, in the stocks or bonds of any other such corporation.
This statute authorizes casualty insurance companies to invest in the stock of corporations organized under the laws of the United States or any state in this country. However, this statute makes no requirement concerning the payment of cash dividends prior to or after investment, nor does it allow investments in corporations other than corporations organized under the laws of the state of Missouri, or of the United States, or of any other state.
Our Opinion No. 39, 1961, to Hemphill, held that the Board of Trustees of the State Retirement System may invest the funds of the system in common stock of any corporation organized under the laws of the United States, or of any state, subject to the prudent man rule regarding investments by trustees as expressed in Missouri court decisions. The opinion noted that statutory restrictions that qualify investments in common stock in corporations organized under the laws of the United States, any state, territory or possession of the United States, or the District of Columbia are found only in regard to life insurance companies. The opinion then held that since both life insurance companies and casualty insurance companies are authorized to invest in common stock, the common stock of any corporation organized under the laws of the United States or of any state is a permissible investment for state retirement system funds. An investment of state retirement system funds must meet the requirements of only one insurance law, either the life insurance statute or the casualty insurance statute. This same reasoning will be applied to the questions presented here.
Although both life insurance companies and casualty insurance companies are authorized to invest in the common stock of corporations organized under the laws of the United States or of any state, statutory restrictions qualifying the permissible common stock investments for life insurance companies differ from those relating to casualty insurance companies. Since it is only necessary that state retirement system investments meet the requirements for investments by casualty insurance companies, the Board of Trustees of the state retirement system may invest the funds of the system in common stocks of corporations organized under the laws of the United States, or of any state, which have good earnings growth but which elect to not pay a cash dividend, subject to the limitations of Section 379.080.1 on the amount of stock purchased, which are: the retirement system may not buy stock in any company to an amount which will give the retirement system the virtual control of any corporation; but the retirement system may buy and hold any amount of stock in corporations organized under or for the purpose of doing any of the kinds of business mentioned in any one of the subdivisions of Section 379.010.1 (insurance corporations), but the retirement system shall not invest more than 35% of the surplus to policyholders, or 50% of its surplus over and above its liabilities and capital, whichever is greater, in the stocks or bonds of any such insurance corporation.
However, only life insurance companies are authorized to invest in the common stock of solvent corporations organized under the laws of any territory or possession of the United States, or of the District of Columbia, or of the Dominion of Canada or any province of the Dominion of Canada, with the additional restrictions provided in Section 376.305, above. Casualty insurance companies are not authorized to invest in the common stock of Canadian corporations, or corporations organized under the laws of any territory or possession of the United States or of the District of Columbia under Section 379.080.1, above. But under the reasoning of Opinion No. 39, 1961, permissible investments for the state retirement system must meet the requirements of either the laws relating to investments by life insurance companies or the laws relating to investments by casualty insurance companies, but not both. Therefore, investments in the common stock of solvent corporations organized under the laws of any territory or possession of the United States, or of the District of Columbia, or of Canada or any Canadian province are permissible investments of funds of the Missouri State Employees' Retirement System, provided that such investments meet all the other requirements contained in Section 376.305, which are: the corporation's net worth as shown on its balance sheet at the end of the last fiscal year preceding purchase shall have been at least ten million dollars and cash dividends shall have been earned and paid on its common stock in each of the three fiscal years preceding such acquisition; all prior obligations or preference stocks of such corporation, if any, are eligible for investment under any of the provisions of Section 376.300; such common stocks are registered on a national securities exchange or quoted in established over-the-counter markets, or such corporation is registered and operated as an open-end regulated investment company in accordance with the Investment Company Act of 1940, as amended; the retirement system shall not invest in excess of 10% of its admitted assets or an amount in excess of its combined capital and surplus, whichever is the lesser, as shown by its last annual statement preceding the date of acquisition, in the total amount of such common stock; the retirement system shall not own securities described in Section 376.300.1(7) and Section 376.305.1, which, in the aggregate, represent more than 5% of the total of all outstanding shares of stock of the issuing corporation; and the retirement system shall not own common stock described in Section376.305.1 issued by any one corporation which represents more than 2% of the admitted assets of the retirement system.
It should be noted that all investments by the Board of Trustees of the Missouri State Employees' Retirement System are subject to the prudent man rule regarding investments by trustees as expressed in Missouri court decisions. Opinion No. 39, 1961, at page 5, and Opinion No. 92, 1980, to Bierdeman-Fike, at page 17, both held that the members of the Board of Trustees of the Missouri State Employees' Retirement System, in administering and investing the funds of the system, are bound by the general law respecting trusts and trustees. The discussion of the prudent man rule contained in these two opinions should be considered by the board when making any investment decisions.
While the prudent man rule is an important part of the general law respecting trusts and trustees, it is not the whole body of law. While a trustee must have the preservation of the estate and the amount and regularity of the income in view when investing trust funds, he is also required to diversify the investments. Thus, investment in the common stock of a corporation which in the opinion of the board, has a good earnings growth but which elects not to pay a cash dividend is not prohibited per se by the law of trusts. Investment in a limited amount of such stock may be a prudent decision reflecting sound business judgment.
CONCLUSION
It is the opinion of this office that the Board of Trustees of the Missouri State Employees' Retirement System may invest the funds of the system in the common stock of any corporation organized under the laws of the United States, or of any state, which has a good earnings growth but elects not to pay a cash dividend, subject to the limitations in Section 379.080.1, RSMo Supp. 1981, on the amount of stock purchased, which are enumerated in the body of this opinion. The Board of Trustees of the Missouri State Employees' Retirement System may also invest in the common stock of any solvent corporation organized under the laws of any territory or possession of the United States, or of the District of Columbia, or of Canada or any Canadian province, subject to the requirements expressed in Section 376.305, RSMo 1978, which are also enumerated in the body of this opinion. Both of the above permissible investments are subject to the prudent man rule regarding investments by trustees as expressed in Missouri court decisions.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Patricia Perkins.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 39 Hemphill, 11-28-61
 Op. No. 92 Bierdeman-Fike, 3-7-80